M. A. LONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7721. Promulgated October 10, 1927.

1. A partnership did not exist between the petitioner and his wife during the taxable years in question.
2. Certain payments to the wife allowed as deductions in determining petitioner's net income.

*Franklin C. Parks, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income taxes of $6,683.18 for 1920 and $8,771.48 for 1921. The questions presented are whether a partnership existed between the petitioner and his wife and the payment of $15,000 to her in each of the years was a distribution of partnership profits or whether said payments were deductible as interest or compensation for the use of her securities.

FINDINGS OF FACT.

The petitioner, a resident of Baltimore, Md., was for about 20 years prior to 1919, an architect for the Baltimore & Ohio Railroad Co. On September 15, 1919, he resigned to enter the general contracting business. Prior to tendering his resignation he had been

promised that if he bid reasonably he could secure the contract on the McCormick Building which would cost approximately $1,500,-000. During the taxable years 1920 and 1921 his construction work included the McCormick Building and another building costing about $4,500,000, besides certain smaller construction jobs. Petitioner's business was operated during both of these years without change as the M. A. Long Co.

At the time he resigned petitioner had a limited amount of capital which was insufficient to finance his McCormick contract. He attempted to borrow capital but found that interest rates and proposals to share in the profits were too high to be considered. One party offered to furnish the necessary capital for 10 per cent interest plus 25 per cent of the profits. Petitioner then turned to his wife who owned some securities. He explained the business, the hazards involved, and the possibilities of a loss, but at the same time pointed out the opportunities which were afforded and promised to pay a reasonable share of the profits for the use of her securities as collateral for loans. The length of time during which the securities were to be so used was not determined, nor was the agreement definite as to the share of the profits other than that such share should be reasonable. The wife consented to and did advance certain securities which Long used to obtain loans during 1920 and 1921. The agreement between husband and wife was not in writing. The net loan value of the securities advanced by the wife was determined by the bank to be $139,150. Part of the securities furnished by Mrs. Long consisted of 2,000 shares of American Rolling Mill Co. common stock. This stock, which was previously owned by the petitioner, had a loan value of $90,000 and stood in the name of her brother, R. Froom Morris. Long pledged the securities with the Baltimore Commercial Bank, and from time to time, as needed, secured loans thereon during 1920 and 1921.

On September 5, 1919, the M. A. Long Co. furnished a signed statement to R. G. Dun & Co., for the purpose of establishing a credit rating, in which it was stated that the M. A. Long Co. was a partnership of which the partners were M. A. Long and wife; this statement set forth in detail the individual assets of the taxpayer and wife, including in the case of his wife, not only the securities which had been furnished at that date for use as collateral in the business, but also other assets of his wife and in particular the home and residence of the taxpayer and his wife, which was the separate property of Mrs. Long.

On June 1, 1920, the M. A. Long Co. notified R. G. Dun & Co. by letter as follows:

This is to advise you that on May 1, Anne M. Long and R. Froom Morris withdrew as partners of the business, but the financial assets of the company will only be affected by the real estate therein listed at $30,000.00.

The real estate herein referred to valued at $30,000 was the home of taxpayer and his wife.

The business of the M. A. Long Co. during 1920 and 1921 was profitable and petitioner paid his wife $15,000 during each year. The payment for 1920 was made by check dated December 20, 1920, which was endorsed to Halle & Stieglitz, a Baltimore brokerage firm. The payment for 1921 was made by petitioner's purchasing $19,000 of securities through Halle & Stieglitz and turning over $15,000 thereof to his wife. The book entry of the same was dated April 25, 1921.

M. A. Long and wife filed separate returns for 1920 and 1921. The M. A. Long Co. filed returns as a partnership for each of the years. The respondent determined that a partnership did not exist between the petitioner and his wife, and that therefore the payment to her of $15,000 in each of the years in question was not a distribution of partnership profits and also denied the deduction thereof as a business expense.

### OPINION.

MORRIS: The petitioner's first contention that a partnership existed between himself and wife is not sustained by the evidence introduced in support thereof. The evidence shows that the petitioner promised to pay a reasonable share of the profits for the use of her securities as collateral for loans. An agreement that a portion of the profits are to be paid as compensation for money advanced, in the absence of other elements of a partnership, does not create such a relationship. *Fechteler* v. *Palm Bros. & Co.*, 133 Fed. 462. The fact that the petitioner referred to his wife as his partner, and for credit purposes notified R. G. Dun & Co. to that effect, does not establish that a partnership in fact existed. There are certain well defined incidents of a partnership relation, which we are unable to find in the relationship which existed between the petitioner and his wife.

Several of the well recognized tests of the existence of a partnership are sharing of profits and losses, mutual agency and community of interest. The two last named essentials are entirely lacking in the instant case. The evidence is indefinite as to the sharing of losses, and the profits were to be distributed not upon an agreed percentage, but the wife was to receive whatever share the husband determined to be reasonable. As a partnership did not exist between the petitioner and his wife the $15,000 payments to her in each of the years in question were not a distribution of partnership profits.

The second contention of the petitioner is that if a partnership did not exist, the $15,000 payments to her were compensation for the use of her securities and therefore deductible from his gross income. Section 214 (a) (1) of the Revenue Acts of 1918 and 1921 allows as a deduction from gross income " all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." It was necessary for the petitioner to obtain capital or credit from some source in order to carry on his business. In our opinion the $15,000 payments to the wife for the use of her securities that he might obtain the necessary capital were an ordirary and necessary expense of his business, and are deductible in determining his net income.

The respondent raised the question of fraud in his brief, but our decision makes it unnecessary to pass upon it.

> *Judgment will be entered on 10 days' notice, under Rule 50.*

Considered by TRAMMELL and LITTLETON.